**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

| | |
|---|---|
| **PAUL JASIURKOWSKI,** ) | |
| *Plaintiff,* ) | |
| ) | **CASE NO. 3:14-CV-00012** |
| v. ) | |
| ) | <u>**MEMORANDUM OPINION**</u> |
| **STANLEY BLACK & DECKER, INC.** ) | |
| et al, ) | |
| *Defendants.* ) | |

This matter is before the Court upon Plaintiff's motion to remand. For the reasons stated below, I will deny Plaintiff's motion.

## I. BACKGROUND

On or about March 17, 2012, Paul Jasiurkowski ("Plaintiff") entered the business premises of a Lowe's Home Center's, LLC ("Lowe's") establishment in Charlottesville, Virginia. Plaintiff alleges that a large, automatic sliding glass door at the entrance to the store fell and struck Plaintiff's body and head, causing bodily injury resulting in damages totaling $125,000. According to Plaintiff's instant motion, a lawsuit was filed against Lowe's in Louisa County, Virginia on January 27, 2014. Pl.'s Mot. to Remand Br. 1. Plaintiff acknowledges that the Louisa suit was filed to preserve the cause of action in the face of the two year statute of limitations. *Id.* at 2. Plaintiff states that Lowe's was served on February 4, 2014 in the Louisa case, and that following service, "Counsel for Lowe's disclosed that SB&D, was responsible for maintaining and servicing the sliding glass door that fell on the Plaintiff." *Id.* Accordingly, Plaintiff filed the Albemarle Circuit Court lawsuit on February 18, 2014 with the intention of non-suiting the Louisa case. Plaintiff's complaint alleged one count against Defendant Lowe's and one count against Defendant Stanley Black & Decker, Inc. ("SB&D"), and held them jointly and severally liable for the full $125,000 amount in controversy. On April 1, 2014, Defendant

SB&D filed its notice of removal to this Court, asserting that it received the cover sheet and complaint in the Albemarle case on March 7, 2014.

## II. ANALYSIS

The requirements for removing a civil action to federal court are set out in 28 U.S.C. § 1446, which states that generally, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service *or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1) (emphasis added). In his motion to remand, Plaintiff asserts that removal was improper because "Plaintiff has made no attempt to serve the instant lawsuit on Defendant, SB&D, nor has Plaintiff or Lowe's provided a copy to SB&D. Nevertheless, Defendant SB&D has alleged in its removal notice that it 'received' the instant lawsuit on March 7, 2014, and served its notice of removal on April 1, 2014." Pl.'s Mot. to Remand Br. 2. Plaintiff implies that removal was improper because Defendant SB&D had not yet been served.

However, it is settled within this district that the language of § 1446(b) does not require actual service in order for there to be receipt. *See, e.g., Hamilton v. Chrysler Corp.*, 1997 U.S. Dist. LEXIS 344, at *3 (W.D. Va. 1997) ("Although strong policy arguments can be made for the 'proper service rule,' the court believes that it is constrained by the plain language of § 1446(b) to follow the 'receipt rule.'"); *Shoemaker v. GAF Corp.*, 814 F. Supp. 495, 498 (W.D. Va. ) ("this court is persuaded to follow the 'receipt rule.' First, the court believes that the language of the statute is clear. The removal period commences when the defendant receives a copy of the initial pleading 'through service or otherwise.' . . . [t]he 'proper service rule' cases unjustifiably ignore the plain language of the statute"); *see also Loncher v. Ericsson, Inc.*, 1998 U.S. Dist. LEXIS 21013, at *4-5 (E.D. Va. 1998) ("the 'or otherwise' language in the statute

clearly allows the thirty day period to commence upon the defendant's receipt of the pleading");
*Leverton v. Alliedsignal, Inc.*, 991 F. Supp. 481, 484 (E.D. Va. 1997) ("it will not be the circumstance in all cases that actual service will mark the starting point for the removal period under the receipt rule"). Therefore, Defendant SB&D properly followed the statutory commands of 28 U.S.C. § 1446(b)(1), and Plaintiff's argument that Defendant had not yet been served is of no consequence.

Plaintiff also argues that Defendant SB&D's removal of this action was faulty because Defendant SB&D did not receive the consent of Defendant Lowe's to remove the action as is required under 28 U.S.C. § 1446(b)(2)(A). Generally, "*all* defendants, who may properly do so, [must] join in or otherwise consent to the removal notice." *Unicom Sys. v. Nat'l Louis Univ.*, 262 F. Supp. 2d 638, 641 (E.D. Va. 2003). However, "[a] defendant need not join a removal notice if: '(1) it had not been served with process at the time the removal petition was filed.'" *Id.* at 641 n. 3 (quoting *Creekmore v. Food Lion, Inc.*, 797 F. Supp. 505, 508 (E.D. Va. 1992)). Notably, Plaintiff does not contest this exception to the general rule nor suggest that Lowe's has in fact been served in the Albemarle case. Instead, Plaintiff argues that "[i]n actuality . . . Lowe's had been served with the original lawsuit in Louisa almost two months before SB&D filed its notice of removal to this federal court." Pl.'s Mot. to Remand Br. 3.

28 U.S.C. § 1446(b)(2)(A) states that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Clearly, § 1446(b)(2)(A) contemplates that when an action is removed, all defendants *in that action* who have been served must consent to removal. There is no exception that states, and Plaintiff points to no authority to the contrary, that serving a Defendant in one case means that they have been properly served in another case. While

"[c]ounsel for Lowe's and counsel for Plaintiff [may have] agreed that Plaintiff would re-file the suit in Albemarle County, Virginia," the refiled case in Albemarle is distinct from the originally filed Louisa case. Pl.'s Mot. to Remand Br. 2. Plaintiff admits as much when he states that "[a]t the time of filing the lawsuit in Albemarle County and at the time of the filing of the instant motion, the lawsuit originally filed in Louisa County is still active and pending." *Id.* Plaintiff does not suggest or present any evidence that Defendant Lowe's has been served in *this* action, meaning that under § 1446(b)(2)(A), Defendant SB&D did not require the consent of Defendant Lowe's to remove the action. Removal was therefore appropriate.

### III. CONCLUSION

Accordingly, because Defendant's notice of removal complied with the timeliness and consent provisions of 28 U.S.C. § 1446, Plaintiff's motion to remand will be denied. An appropriate order follows.

Entered this  15th  day of April, 2014.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE